IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY LEWIS MARSHALL,          :
AIS 193639,

                                :

      Petitioner,

                                :

vs.                                                    CA 08-0521-CG-C

                                :

KENNETH JONES,

                                :

      Respondent.

## REPORT AND RECOMMENDATION

Gary Lewis Marshall, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.       On May 7, 1997, Marshall was convicted of the murder of his wife in the Circuit Court of Hale County, Alabama; he was sentenced, on June 19, 1997, to life imprisonment. (*See* Doc. 9, Exhibit A, at 2) Petitioner's

conviction and sentence were affirmed on appeal by the Alabama Supreme Court on February 13, 1998. (*Id.*) Petitioner's application for rehearing was overruled by the Alabama Court of Criminal Appeals on April 3, 1998 and, on July 17, 1998, his petition for writ of certiorari was denied by the Alabama Supreme Court. (*Id.* at 2-3)

2.      Marshall filed a Rule 32 petition in the Circuit Court of Hale County, Alabama on April 21, 1998, collaterally attacking his conviction and sentence. (*Id.* at 3) The trial court's dismissal of the Rule 32 petition was affirmed by the Alabama Court of Criminal Appeals on March 23, 2001. (*Id.*) Marshall filed his second Rule 32 petition in the Circuit Court of Hale County, Alabama on June 6, 2001. (*Id.*) Petitioner's second petition and motions relating thereto remained pending in Alabama's state courts for almost three years. (*Id.* at 3-5)

3.      Marshall filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on April 23, 2004, collaterally attacking his conviction and sentence. *See Marshall v. Holt*, CA 04-0260-CB-C, Doc. 1. On January 21, 2005, the undersigned recommended that the petition be denied on the basis that the Court was procedurally barred from considering any of the claims raised. (*See* Doc. 9, Exhibit A). Senior United

States District Charles R. Butler, Jr. adopted the undersigned's report and recommendation by order and judgment entered on February 16, 2005. (Doc. 9, Exhibits B & C) Marshall filed written notice of appeal, *Marshall v. Holt*, CA 04-0260-CB-C, Doc. 30, and requested a certificate of appealability, *id*. He later filed a motion for leave to appeal *in forma pauperis*. *Id*. at Doc. 33. On March 23, 2005, this Court entered an order denying petitioner's motion for leave to appeal *in forma pauperis* and his motion for certificate of appealability. *Id*. at Doc. 34. Marshall filed a second motion for certificate of appealability on April 22, 2005; this motion was denied on April 26, 2005. *Id*. at Docs. 35-36. On May 2, 2005, the Eleventh Circuit Court of Appeals dismissed Marshall's appeal for want of prosecution due to his failure to pay the filing fee. *Id*. at Doc. 37. Petitioner filed his third motion for certificate of appealability on May 5, 2005; this motion was denied by Judge Butler on May 11, 2005. *Id*. at Docs. 38 & 39. On June 15, 2005, the Eleventh Circuit Court of Appeals denied Marshall's motion for certificate of appealability due to his inability to make the requisite showing. *Id*. at Doc. 40.[1]

4.     Marshall filed his third Rule 32 petition in the Circuit Court of Hale County, Alabama on or about May 12, 2006. (Doc. 9, Exhibit E, at 1) The

---

[1]     Thereafter, the Eleventh Circuit entered an order, on October 20, 2005, dismissing Marshall's appeal for lack of jurisdiction. *Id*. at Doc. 41.

trial court summarily denied the collateral petition and Marshall then filed another Rule 32 petition on December 24, 2007, "seeking an out-of-time appeal from the denial of his third Rule 32 petition." (*Id.*) The trial court summarily denied that petition as well and from this denial Marshall appealed to the Alabama Court of Criminal Appeals. (*Id.*) On August 15, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the petition by memorandum opinion. (*Id.*)

> The appellant argues that he is entitled to an out-of-time appeal from the denial of his third Rule 32 petition because he did not receive notice that that petition had been denied. In his present petition, he did not include any allegations as to when he discovered the denial of his third Rule 32 petition. However, in its February 1, 2008, order denying the present petition, the circuit court found as follows:

>> This matter is before the Court on the Petitioner's 4th petition for relief from conviction or sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. The instant petition was filed on December 27, 2007, and, according to the petitioner, mailed on December 24, 2007.

>> .        .        .

>> According to the petitioner, he discovered the denial of his 3rd petition on May 7, 2007. He filed this petition on December 27, 2007. This was seven months and 20 days after he says he discovered the denial of the 3rd petition. Accordingly, his petition is untimely and is due to be and is hereby dismissed.

4

[] The record in the present case and the records from the petitions for writs of mandamus the appellant filed in this court support the circuit court's findings, and we adopt them as part of this memorandum. Because the appellant's claim is precluded, the circuit court properly summarily denied his petition. <u>See</u> Rule 32.7(d), Ala.R.Crim.P. Accordingly, we affirm the circuit court's judgment.

(*Id*. at 2 & 3 (internal quotation marks and footnotes omitted)) The Alabama Court of Criminal Appeals issued its certificate of final judgment of affirmance on September 3, 2008. (Doc. 9, Exhibit F)

5.      Marshall filed the instant habeas corpus petition in this Court on September 7, 2008.  (Doc. 1, at 13 (petition signed on this date)) Most of the claims petitioner seeks to raise in the instant petition are the same as those raised in the previous petition. (*Compare* Doc. 1 *with* Doc. 9, Exhibit A, at 5-6)

## CONCLUSIONS OF LAW

1.      Pursuant to 28 U.S.C. §§ 2254 and  2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir.

5

1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

2.      The instant petition, filed on September 7, 2008 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Marshall's request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

3.      The undersigned recommends that this Court dismiss Marshall's present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631. *See Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the

viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '*[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A).").

## **CONCLUSION**

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. §

2244(b)(3)(A).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 20th day of November, 2008.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

　_s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE